```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

ALTON J. GAINES,
      Petitioner,

      v.                                  CIVIL ACTION NO.
                                          14-11234-IT

NO NAMED RESPONDENT,
      Respondent.

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, the Court denies the instant petition for a writ of habeas corpus and orders that this action be dismissed.

<u>BACKGROUND</u>

Alton J. Gaines ("Gaines"), a Colorado resident and parolee under the supervision of the Colorado Northeast Parole Office in Westminster, Colorado, filed a pro se "petition to motion for writ of habeas corpus for petitioner's restoration & suspended sentence 'pre-approved community corrections' ordered immediate discharge of DOC #138834 and release from incarceration on release." Gaines did not pay the $5 filing fee and the petition is accompanied by numerous exhibits.

The eighteen-page "petition" consists of several pages of pleadings interspersed with documents from various Colorado state courts. <u>See</u> Docket No. 1. In the case caption, the name of the Colorado Court is preceded by the handwritten phrase "U.S. Supreme Court State of Massachusetts In and For." <u>Id.</u> Petitioner's allegations are confusing and it is impossible to discern what claims are being made against which respondent.

DISCUSSION

Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, the Court is required to examine a petition, and if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition."  Rule 4; see also McFarland v. Scott, 512 U.S. 849, 856 (1994) (habeas petition may be dismissed if it appears to be legally insufficient on its face); Mahoney v. Vondergritt, 938 F.2d 1490, 1494 (1st Cir. 1991) (upholding Rule 4 summary dismissal of § 2254 petition).  Similarly, under 28 U.S.C. § 2243, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to order the respondent "to show cause why the writ [of habeas corpus] should not be granted."  28 U.S.C. § 2243; see also Marmol v. Dubois, 855 F. Supp. 444, 446 (D. Mass. 1994).  In considering whether Petitioner's petition clears this hurdle, the Court liberally construes the petition because Petitioner is proceeding pro se.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Upon screening Petitioner's petition under Rule 4 and 28 U.S.C. § 2243, the Court concludes that Petitioner has not alleged any basis on which the Court could issue a writ of habeas corpus.  There is nothing in the petition from which this Court

could reasonably infer the presentation of any cognizable habeas claim.

## ORDER

For the foregoing reasons, it is hereby ORDERED that the petition for a writ of habeas corpus is DENIED without prejudice and this action is DISMISSED. The Clerk shall enter a separate order of dismissal.

SO ORDERED.

September 18, 2014　　　　　　　　　　/s/ Indira Talwani
DATE　　　　　　　　　　　　　　　　INDIRA TALWANI
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE